UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

CIVIL MINUTES - GENERAL

| Case No. | CV 11-01180 MMM (PLAx) | Date | February 16, 2011 |
|---|---|---|---|

| Title | *Aurora Loan Services LLC v. Victor Gonzalez et al* |
|---|---|

| Present: The Honorable | MARGARET M. MORROW | |
|---|---|---|
| ANEL HUERTA | | N/A |
| Deputy Clerk | | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    Order Remanding Action to Los Angeles Superior Court for Lack of Subject Matter Jurisdiction

### I. FACTUAL BACKGROUND

On December 20, 2010, plaintiff Aurora Loan Services LLC filed an unlawful detainer action in Los Angeles Superior Court against *pro se* defendants Victor Gonzalez, Christine Gonzalez, and certain fictitious defendants.[1] Aurora alleges that it purchased the real property located at 7044 Yarmouth Avenue, Reseda, California 91335 ("the property") at a foreclosure sale conducted in compliance with California Civil Code §§ 2923.5 and 2924 et seq. on November 15, 2010.[2] On November 24, 2010, plaintiff served a notice to vacate on defendants pursuant to California Code of Civil Procedure §§ 1161(a) and 1162.[3] Plaintiff alleges that defendants failed and refused to deliver possession of the property after expiration of the notice period as required by § 1161(a), and that they

---

[1] Removal, Exh. 1 (Summons and Complaint ("Complaint")), Docket No. 1 (February 8, 2011).

[2] Complaint, ¶ 4.

[3] *Id.*, ¶ 6.

continue in possession of the property without plaintiff's permission or consent.[4]

Plaintiff's complaint states a single state law unlawful detainer claim.  It seeks possession of the property and alleges that the amount in controversy is $50.00 per day from November 29, 2010.[5] Defendants removed the action on February 8, 2011, alleging that the case falls within the court's federal question and diversity jurisdiction.[6]  Plaintiff filed an objection to defendants' removal.[7]

## II.  DISCUSSION

### A.   Legal Standards Governing Removal Jurisdiction

The right to remove a case to federal court is entirely a creature of statute.  See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).  The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states.  See 28 U.S.C. §§ 1441(a), (b).  Only state court actions that could originally have been filed in federal court may be removed.  28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending"); see *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985), and *Libhart*, 592 F.2d at 1064).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue.  See *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent

---

[4]*Id.*, ¶¶ 7-8.

[5]*Id.* at 3.

[6]Removal at 2.

[7]Objection to Notice of Removal, Docket No. 6 (February 16, 2011) at 1 (noting deficiencies in removal and arguing that *sua sponte* remand is appropriate).

upon the parties' arguments," citing *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)); see also *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996) (lack of subject matter jurisdiction may be raised at any time by either party or by the court *sua sponte*); *Thiara v. Kiernan*, No. C06-03503 MJJ, 2006 WL 3065568, *2 (N.D. Cal. Oct. 25, 2006) ("A district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits").

When a case has been removed, the court may remand for lack of subject matter jurisdiction at any time before final judgment. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). The court may – indeed must – remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction. See *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("[W]e have held that the district court must remand if it lacks jurisdiction," citing *Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998)).

### B. Whether the Requirements for Federal Question Jurisdiction Are Met

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States." Federal question jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the existence of removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar*, 482 U.S. at 392. Where a plaintiff could maintain claims under both federal and state law, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir.1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the

parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.,* 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). See also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

There is no federal question apparent on the face of plaintiff's complaint, and defendants' notice of removal cites none. Rather, defendants contend that federal question jurisdiction exists because they propounded a "discovery request" for "the original blue inked promissory note."[8] It is unclear what promissory note defendants reference or why they believe the request involves a question of federal law. Regardless, a discovery request does not provide a basis for federal question jurisdiction, as it does not appear on the face of the well-pleaded complaint. See *Wachovia Mortg. FSB v. Flores*, 2010 WL 373663, at *2 (C.D. Cal. Feb. 2, 2010) ("It is the Complaint, and not the nature of Defendant's discovery requests that triggers the Court's jurisdiction (let alone discovery requests that themselves do not mention any federal law)"). Moreover, as the complaint makes clear, this is an unlawful detainer case based entirely on state law. Accordingly, the requirements for invoking federal question jurisdiction are not satisfied.

### C.  Whether The Requirements for Diversity Jurisdiction are Met

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . . ." 28 U.S.C. § 1332(a); see also *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000"). In any case where subject matter jurisdiction is premised on diversity, there must be complete diversity, i.e, all plaintiffs must have citizenship different than

---

[8]Complaint at 2.

4

all defendants. See *Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267 (1806); see also *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 & n. 3 (1996). Plaintiff's complaint does not disclose the citizenship of the parties, and defendants' notice of removal does not plead plaintiff's citizenship. Rather, defendants state only that they are residents of California.[9] Thus, the court cannot determine whether complete diversity exists between plaintiff and defendants.

Additionally, defendants have not met their burden of demonstrating that the amount in controversy exceeds $75,000. "[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, [the amount in controversy] requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). See also *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) (stating that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith" and that "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal"). Where, by contrast, "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled[,] . . . [courts] apply a preponderance of the evidence standard." *Guglielmino*, 506 F.3d at 699. Finally, "when a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.'" *Id.* (quoting *Lowdermilk v. U.S. Bank National Association*, 479 F.3d 994, 1000 (9th Cir. 2007)).

In its complaint, Aurora seeks an order transferring possession of the property, as well as $50.00 a day in damages from and after November 29, 2010, and costs of suit.[10] It filed the action as a limited civil case, indicating that the amount demanded did not exceed $10,000.[11] See CAL. CODE CIV. PROC. § 86 (classifying cases where the prayer is less than $ 25,000 as limited civil cases). As

---

[9]Citizenship for diversity purposes is one's domicile, not one's residence. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("The natural person's state citizenship is . . . determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. . . . A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that State"); *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth. Residence is not an immutable condition of domicile").

[10]Complaint at 3.

[11]*Id.* at 1.

evidence that the amount in controversy requirement is satisfied, defendants offer only the conclusory, unsupported statement that they "[b]elieve[ ] that the amount in controversy exceeds $90,000." Defendants proffer no facts or evidence corroborating this assertion. Given clear statements in the complaint that the amount in controversy does not exceed $75,000, and defendants' failure to provide any evidence to the contrary, the court concludes that the amount in controversy requirement is not met. See *Faulkner v. Astro-Med, Inc.*, No. C 99-2562 SI, 1999 WL 820198, *2 (N.D. Cal. Oct. 4, 1999) (stating that in evaluating the amount in controversy, "the district court must first consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy"); see also *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) ("[W]here the plaintiff does not claim damages in excess of [the jurisdictional amount] and the defendant offers 'no facts whatsoever' to show that the amount in controversy exceeds [the jurisdictional amount], then the defendant has not borne the burden on removal of proving that the amount in controversy requirement is satisfied," citing *Gaus*, 980 F.2d at 566–67). Accordingly, the court finds that it does not have diversity jurisdiction to hear the action.

### III.  CONCLUSION

For the reasons stated, the court lacks subject matter jurisdiction to hear this action. Accordingly, the clerk is directed to remand the action forthwith to Los Angeles Superior Court.